UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:09-CR-00417-MCE |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| CARLOS DELGADO, | |
| Defendant. | |

Defendant Carlos Delgado ("Defendant") was convicted of Conspiracy to Manufacture at Least 1,000 Marijuana Plants in violation of 21 U.S.C. §§ 846 and 841(a)(1) and was sentenced on March 29, 2010, to 120 months of imprisonment. Presently before the Court is Defendant's Motion to Reduce Sentence. ECF Nos. 22, 30. This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motion. ECF No. 26.[1] The Government opposes Defendant's request. ECF No. 36. For the reasons that follow, that Motion is DENIED.

///

---

[1] The filing submitted by the Federal Defender's Office more specifically states that it is not "recommend[ing] appointment of counsel in this case." ECF No. 26. However, that office had already been appointed pursuant to Eastern District General Order 546. The filing is thus more properly construed as a decision not to add to the record.

1

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782.  Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although Amendment 782 became effective November 1, 2014, it applies retroactively.  See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision."  Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."  Id.  "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'"  Id. (quoting U.S.S.G. § 1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"  Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[2]  Id.  In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because Amendment 782 "[did] not have the effect of lowering [his] applicable guideline range."  Id.  To the contrary, when Defendant was originally sentenced, it was pursuant to a Total Offense level of 25, Criminal History Category III, and guideline range of 70-87 months.

---

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).

However, the statutory minimum was 120 months, which thus became the guideline sentence.  Since Defendant is still subject to the 120 month mandatory minimum, even if the Court applied a two level reduction, his guideline range would be unchanged.  Accordingly, because the amendment did not lower Defendant's sentencing range, his Motion (ECF Nos. 22, 30) is DENIED.  See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

   IT IS SO ORDERED.

Dated:  December 14, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT