UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>CARLOS DELGADO,<br><br>    Movant. | No. 2:09-cr-417-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Carlos Delgado (hereafter "movant"), proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] He argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) invalidates his Sentencing Guidelines enhancement under USSG § 2D1.1(b)(1) for possessing a dangerous weapon. ECF No. 41-1 at 1; ECF No. 45 at 1.[2] The government has filed a "reply/response" opposing the motion (ECF No. 45) and movant has failed to offer any reply thereto. For the reasons stated below, movant's motion be denied.

---

[1] This motion was assigned, for statistical purposes, civil case number No. 2:16-cv-01380-MCE-EFB P.

[2] Movant's brief fails to specify the exact provision of the sentencing guidelines he challenges, ECF No. 41-1 at 1, but the government identified the specific provision relating to the enhancement in its response (ECF No. 45 at 1) and movant has not challenged that identification by filing a reply brief.

**I.     Background**

In 2009, movant was charged by indictment with: (1) conspiracy to manufacture at least 1,000 marijuana plants in violation of 21 U.S.C § 846 and 841(a)(1); and (2) manufacture of at least 1,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1).  ECF No. 1 at 1-2.  Pursuant to a plea agreement he plead guilty to the first count of the indictment in January of 2010.  ECF No. 19 at 2.  The agreement stipulated that the government would dismiss the second count without prejudice, *id*. at 4, and the parties would jointly recommend a sentence of 120 months.  *Id*. at 7.  Prior to sentencing a presentence investigation report was prepared which calculated a criminal offense level of twenty-five, based in part on a two point enhancement for possessing a dangerous weapon under USSG § 2D1.1(b)(1).  ECF No. 45 at 2.

**II.    Legal Standards**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).  Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis*, 417 U.S. at 346.  *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

/////

/////

/////

### III. Analysis

In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA") – encapsulated at § 924(e)(2)(B) - was void for vagueness. 135 S. Ct. at 2555-2557. Under the ACCA, a 'violent felony' is defined as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The ACCA residual clause refers to the language at § 924(e)(2)(B)(ii). The Supreme Court invalidated the residual clause after concluding that its application required courts to "picture the kind of conduct that the crime involves in the 'ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Johnson*, 135 S. Ct. at 2557 (citing *James v. United States*, 550 U.S. 192, 208 (2007)). The Supreme Court went on to emphasize that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*.

The Sentencing Guidelines provision at issue here - § 2D1.1(b)(1) – provides that a defendant's offense level increases two levels if a dangerous weapon was possessed in connection with a drug offense. U.S.S.G. § 2D1.1(1)(b)(1). The relevant application note states that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons." U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.11(A). Neither this sentencing provision nor its application note contains language like that in the ACCA's residual clause.

Noting this difference, respondent persuasively argues that *Johnson* has no application here. This provision, though reflective of the danger presented by the combination of drug trafficking and weapons, stands in stark contrast to the ACCA residual clause insofar as it does not ask courts to determine whether a defendant committed a "violent felony" or "crime of

3

violence." Indeed, numerous other courts have weighed arguments similar to the movant's and rejected them. *See, e.g., Heard v. United States*, No. 8:12-cr-52-T-30AAS, 2016 U.S. Dist. LEXIS 75875, at *4-5 (M.D. Fla. June 10, 2016); *United States v. Romero,* No. 05-20017-02-JWL, 2016 U.S. Dist. LEXIS 85137 at *4-5 (D. Kan. Aug. 3, 2016); *Barajas v. United States*, No. 1:13-cr-0026 AWI, 2016 U.S. Dist. LEXIS 121815, *4-5 (E.D. Cal. Sept. 8, 2016).

Movant's claim must also be denied in light of the Supreme Court's recent decision in *Beckles v. United States*, 197 L. Ed. 2d 145, 150 (2017) which held that the *Johnson* holding does not apply to the federal sentencing guidelines.

### IV. Conclusion

IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 41) be denied; and

2. The Clerk of Court be directed to close the companion civil case, No. 2:16-cv-1380-MCE-EFB P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.

DATED: April 23, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE